John W. Amberg (State Bar No. 108166)
Sarah Burwick (State Bar No. 267263)
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, CA  90401-2386
Telephone:  (310) 576-2100
Facsimile:   (310) 576-2200
E-Mail: jwamberg@BryanCave.com

Jeffrey S. Russell (*pro hac* pending)
**BRYAN CAVE LLP**
211 North Broadway, Suite 3600
St. Louis, Missouri  63102
Telephone:  (314) 259-2000
Facsimile:   (314) 259-2020

Attorneys for Defendants
AARP, Inc. and AARP Services, Inc.

[Additional Counsel Listed Below]

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON LEVAY, JUDITH MILLER and LIONEL BROWN, Individually and on Behalf of all Others Similarly Situated,<br><br>                           Plaintiffs,<br><br>                    vs.<br><br>AARP, INC., AARP SERVICES, INC., UNITEDHEALTH GROUP, INC., UNITEDHEALTHCARE INSURANCE COMPANY, and DOES 1 through 60, inclusive,<br><br>                           Defendants. | Case No.<br><br>**AARP, INC., AARP SERVICES, INC., UNITEDHEALTH GROUP INC. AND UNITEDHEALTHCARE INSURANCE COMPANY'S JOINT NOTICE OF REMOVAL** |

Brian D. Boyle (State Bar No. 126576)
Meaghan VerGow (*pro hac* pending)
**O'MELVENY AND MYERS LLP**
1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5327
E-Mail: bboyle@omm.com

Christopher B. Craig (State Bar No. 257108)
**O'MELVENY AND MYERS LLP**
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
E-Mail: christophercraig@omm.com

Attorneys for Defendants UnitedHealth Group Inc.
and UnitedHealthcare Insurance Company

ii

AARP, INC., AARP SERVICES, INC., UNITEDHEALTH GROUP INC. AND
UNITEDHEALTHCARE INSURANCE COMPANY'S JOINT NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants AARP, Inc. ("AARP"), AARP Services, Inc. ("ASI") (collectively the "AARP Defendants"), UnitedHealth Group, Inc., and UnitedHealthcare Insurance Company (collectively "United") remove the action styled *Levay, et al. v. AARP, Inc., et al.* (L.A. Co. Super. Ct. Case No. BC684061) (the "*Levay* Action") from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California based on diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").

## I.      BACKGROUND

1.       On November 17, 2017, Plaintiffs filed the Complaint in the *Levay* Action in Los Angeles County Superior Court.  (Compl., Caption, p. 1.)

2.       The AARP Defendants have not been served with the Summons and Complaint.

3.       United has not been served with the Summons and Complaint.

4.       In the Prayer for Relief in the Complaint, Plaintiffs seek, among other things:  (1) an injunction restraining and enjoining Defendants "from engaging in the acts or practices complained of herein"; (2) "an Order requiring Defendants to restore all money or other property taken from identifiable persons by means of unlawful acts or practices and award judgment for damages and restitution in an amount within the jurisdictional limits of this Court to compensate for such losses"; (3) "an Order requiring the disgorgement of all sums taken from consumers by means of deceptive practices, together with all proceeds, interest, income, profits and accessions thereto";  (4) "court costs and reasonable and necessary attorneys' fees"; (5) Plaintiffs' "general, special, actual and compensatory damages"; (6) treble damages; and (7) punitive damages.  (Compl., Prayer for Relief ¶¶ 1-3;5-8.)

II. **CAFA PROVIDES THE BASIS FOR REMOVAL**

    **A.    This Court has original jurisdiction over this action pursuant to the provisions set forth in the Class Action Fairness Act.**

5.    As set forth more fully below, this case is appropriately removed pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1453 because (1) this is a "civil action filed under … [a] State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action;" (2) the number of members of the proposed plaintiff class is not less than 100; (3) at least one member of the class is a citizen of a State different from at least one of the defendants; (4) the matter in controversy as alleged in the Complaint exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (5) the Notice of Removal is timely filed.  No exceptions to CAFA jurisdiction apply.

    **1.    This Action Was Brought Pursuant To A State Statute Permitting Class Action.**

6.    Plaintiffs presumably seek certification of a class under section 382 of the California Code of Civil Procedure.  (Compl. ¶¶ 31-39.)  Section 382 authorizes an action to be brought by one or more representative persons as a class action. *See* Cal. Civ. Proc. Code § 382 ("when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all.").

    **2.    The Putative Class Consists Of Over 100 Members.**

7.    Plaintiffs allege that "there are hundreds of thousands of members in the Class."  (Compl. ¶ 34.)

    **3.    Minimal Diversity Of The Parties Exists.**

8.    Plaintiffs maintain they "were residents of the State of California … at all relevant times herein."  (Compl. ¶ 2.)  Moreover, Plaintiffs putatively bring this action on behalf of "[a]ll persons in the State of California who are 65 years or older…."  (Compl. ¶ 31.)  Plaintiffs are thus domiciled in California and are citizens

of California for diversity purposes. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (providing that a "natural person's state citizenship" is "determined by her state of domicile," and that "[a] person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return"); *see also Bergman v. Bank of Am.*, No. C-13-00741 JCS, 2013 WL 5863057, at *1, n.2 (N.D. Cal. Oct. 23, 2013) (citations omitted) ("A party's residence is 'prima facie' evidence of domicile."); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 59 (2d Cir. 2006) (where complaint alleges thousands of potential class members, court can infer that at least one of those thousands is a citizen of that state).

9. "For federal diversity purposes, 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" *Bergman*, 2013 WL 5863057, at *1, n.2 (citations omitted).

10. At the time this action was commenced, AARP was, and is, a non-profit corporation organized under the laws of the District of Columbia with its primary place of business in Washington, D.C. (Compl. ¶ 3.) As such, it is a citizen of the District of Columbia. ASI is a corporation organized under the laws of Delaware with its principal place of business in Washington, D.C. (Compl. ¶ 4.) As such, it is a citizen of Delaware and the District of Columbia.

11. At the time this action was commenced, UnitedHealth Group Inc. was, and is, a corporation organized under the laws of Minnesota with its primary place of business in Minnesota. (Compl. ¶ 5.) As such, it is a citizen of Minnesota. At the time this action was commenced, UnitedHealthcare Insurance Company was, and is, a corporation organized under the laws of Connecticut with its primary place of business in Connecticut. (Compl. ¶ 6.). As such, it is a citizen of Connecticut.

12. Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names shall be disregarded for purposes of establishing removal

jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441(b)(1); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered). Therefore, the naming of Doe Defendants 1 through 60 does not deprive the Court of jurisdiction.

13. The minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied because members of the putative class are citizens of a state different from named defendants. Additionally, the named plaintiffs are citizens of a state different from named defendants.

### B. The *Levay* Action Meets CAFA's $5 Million Aggregate Amount in Controversy Requirement.

14. To remove an action to federal court under CAFA, the amount in controversy must exceed "the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

15. In determining the amount in controversy, the sum claimed by the plaintiff in the complaint typically "controls." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010).

16. Here, CAFA's amount in controversy threshold is met because Plaintiffs expressly seek multiple types of relief, which alone or together are sufficient to clear the $5 million threshold for CAFA jurisdiction.

17. First, Plaintiffs seek: $30,000 from each of the United Defendants "for each" of the "hundreds of thousands of members in the Class," plus $5,000 from each of the AARP Defendants "for each" of the "hundreds of thousands of members in the Class." (Compl. ¶¶ 34, 48-50.) The claimed penalties thus total several billion dollars.

18. Second, Plaintiffs' Complaint seeks the recovery of membership fees paid to AARP. (Compl. ¶¶ 30, 50, 59). From 2013 to the present, the number of insureds purchasing insurance from UnitedHealthcare Insurance Company in

4

California exceeded 250,000 per year. The average membership fee paid by members 65 years and older in California for a standard 12 month period is $15.36. Although Plaintiffs fail to allege a time period in the Complaint, under the four year statute of limitations applicable to their claim under Cal. Bus. & Prof. Code § 17200, the amount sought by Plaintiffs just for the membership fee well exceeds the jurisdictional minimum of $5 million. (250,000 x $15.36 x 4 years = $15.4 million). Cal. Bus. & Prof. Code § 17208.

19. Third, Plaintiffs seek the return of royalty payments paid to AARP by UnitedHealthcare Insurance Company in connection with Medigap insurance coverage purchased in California, which also total more than $5 million within the past 4 years. (Compl. ¶¶ 18-19, 28.)

20. Finally, Plaintiffs seek an injunction impounding "millions of dollars in monies and profits." (Compl. ¶¶ 72-74.) When a plaintiff seeks an injunction, the amount in controversy may be determined by the cost of compliance by Defendant. *See Anderson v. Seaworld Parks & Entm't, Inc.*, 132 F. Supp. 3d 1156 (N.D. Cal. 2015).

### III. OTHER REQUIREMENTS FOR REMOVAL BASED ON FEDERAL QUESTION JURISDICTION AND CAFA ARE SATISFIED

21. **This Removal Is Timely.** Under CAFA, a notice of removal must be "filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of a pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); *see also* 28 U.S.C. §§ 1332(d)(11) & 1453(b). Neither the AARP Defendants nor United have been served with the Summons and Complaint. Accordingly, the Notice of Removal is timely.

22. **The Rule Of Unanimity Is Inapplicable, But In Any Event Is Satisfied.** While removal under CAFA does not require the consent of all defendants, *see* 28 U.S.C. § 1453(b), all named Defendants have joined this Motion.

23. **Notice To The Parties And State Court.** In compliance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all parties of record, including all adverse parties, and will be filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles promptly after the filing of this Notice of Removal.

24. **This Court Is The Proper Venue For This Action.** The proper venue for removal is "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As the Western Division of the United States District Court for the Central District of California embraces the County of Los Angeles, removal to this Court is proper. 28 U.S.C. § 84(c)(2).

25. **Attachment Of All Process, Pleadings, and Orders.** In compliance with 28 U.S.C. § 1446(a), no process, pleadings and orders have been served on the AARP Defendants or on United. Attached as Exhibit A are "all process, pleadings, and orders" available from the state court action. 28 U.S.C. §1446(a).

## IV. CONCLUSION

For the foregoing reasons, Defendants remove the *Levay* Action to this Court and request that this Court exercise jurisdiction over the *Levay* Action.

[SIGNATURES APPEAR ON FOLLOWING PAGE]

6

AARP, INC., AARP SERVICES, INC., UNITEDHEALTH GROUP INC. AND
UNITEDHEALTHCARE INSURANCE COMPANY'S JOINT NOTICE OF REMOVAL

Dated:  December 15, 2017

John W. Amberg
Sarah Burwick
Jeffrey S. Russell (*pro hac* pending)

**BRYAN CAVE LLP**

By: */s/ John W. Amberg*

Attorneys for Defendants
AARP, Inc. and AARP Services, Inc.

Brian D. Boyle
Meaghan VerGow (*pro hac* pending)
Christopher B. Craig

**O'Melveny and Myers LLP**

By: */s/  Brian D. Boyle*
Attorneys for Defendants
UnitedHealth Group Inc. and
UnitedHealthcare Insurance Company

## ATTESTATION

I hereby attest that the other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: December 15, 2017          BRYAN CAVE LLP

By:   */s/ John W. Amberg*

7