# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AARP, INC., AARP SERVICES, INC., UNITEDHEALTH GROUP, INC.,
UNITEDHEATHCARE INSURANCE COMPANY, and DOES 1 through 60, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SIMON LEVAY, JUDITH MILLER and LIONEL BROWN, Individually
and on Behalf of all Others Similarly Situated,

**FILED**
Superior Court of California
County of Los Angeles

NOV 17 2017

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Nancy Alvarez

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>BC 684 061 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Arash Homampour  (Bar # 165407)  /  Danielle Lincors  (State Bar #285508)    Fax No.: (323) 658-8477
The Homampour Law Firm, 15303 Ventura Blvd., Suite 1450, Sherman Oaks, CA 91403    Phone No.: (323) 658-8077

DATE: NOV 17 2017                  Clerk, by _____, Deputy
*(Fecha)*           SHERRI R. CARTER    Clerk, by                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100  [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |
|---|---|---|

ORIGINAL

THE HOMAMPOUR LAW FIRM, PC
ARASH HOMAMPOUR (State Bar No. 165407)
DANIELLE LINCORS (State Bar No. 285508)
15303 Ventura Boulevard, Suite 1450
Sherman Oaks, California 91403
Phone: (323) 658-8077 | Fax: (323) 658-8477

SCHIMMEL & PARKS, APLC
ALAN SCHIMMEL (State Bar No. 101328)
MICHAEL PARKS (State Bar No. 154531)
15303 Ventura Boulevard, Suite 650
Sherman Oaks, California 91403
Phone: (818) 464-5061 | Fax: (818) 464-5091

Attorneys for Plaintiffs and the Class

FILED
Superior Court of California
County of Los Angeles

NOV 17 2017

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Nancy Alvarez

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT**

BC 6 8 4 0 6 1

| | |
|---|---|
| SIMON LEVAY, JUDITH MILLER and LIONEL BROWN, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>AARP, INC., AARP SERVICES, INC., UNITEDHEALTH GROUP, INC., UNITEDHEATHCARE INSURANCE COMPANY, and DOES 1 through 60, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>1.  **VIOLATION OF CALIFORNIA INSURANCE CODE § 785;**<br><br>2.  **VIOLATION OF CALIFORNIA INSURANCE CODE § 787;**<br><br>3.  **NEGLIGENCE;**<br><br>4.  **VIOLATION OF CAL. BUS. & PROF. CODE § 17200;**<br><br>5.  **VIOLATION OF CAL. BUS. & PROF. CODE § 17500;**<br><br>6.  **ELDER FINANCIAL ABUSE**<br><br>**REQUEST FOR INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

\\\

\\\

*Complaint - Page 1*

BY FAX

CTY/CASE:  BC684061
LEA/DEF#:

RECEIPT #: CCH451233045
DATE PAID: 11/17/17  11:33 AM
PAYMENT:  $1,435.00          310
RECEIVED:
          CHECK:          $1,435.00
          CASH:              $0.00
          CHANGE:            $0.00
          CARD:              $0.00

11/17/2017

1        Plaintiffs SIMON LEVAY, JUDITH MILLER and LIONEL BROWN, by and through their

2   attorneys, bring this action on behalf of himself and all others similarly situated, and alleges the

3   following upon information and belief:

**PRELIMINARY ALLEGATIONS**

5       1.     Plaintiffs SIMON LEVAY, JUDITH MILLER and LIONEL BROWN (hereinafter

6   "Plaintiffs"), are individuals born on 08/28/1943, 03/23/1940 and 02/02/1937, respectively, and were

7   older than 65 years of age at all relevant times herein.

8       2.     Plaintiffs were residents of the State of California, County of Los Angeles County, at

9   all relevant times herein.

10       3.     Plaintiffs were informed and believe, and upon such information and belief alleges that

11   Defendant AARP, Inc. is a non-profit corporation organized under the laws of the District of

12   Columbia and maintains its primary place of business at 601 E Street, NW, Washington, D.C. 20049.

13   AARP, Inc. conducts substantial business in the State of California.

14       4.     Defendant AARP Services, Inc. ("ASI") is a wholly-owned subsidiary of AARP,

15   organized under the laws of Delaware. ASI maintains its primary place of business at 601 E Street,

16   NW, Washington, D.C. 20049. ASI conducts substantial business in the State of California. ASI, and

17   its subsidiaries, is AARP's taxable "for-profit" division that negotiates, oversees, and manages

18   lucrative contracts with AARP's insurance business partners. AARP created ASI in 1999 pursuant to

19   a settlement agreement with the U.S. Internal Revenue Service ("IRS") resulting from an investigation

20   by the IRS into the large amount of income that AARP, Inc., a "non-profit" tax-exempt organization,

21   earned through its "endorsement" deals. This settlement was one of several that AARP, Inc. entered

22   into with the IRS and other entities, such as the U.S. Postal Service and the tax authorities of the

23   District of Columbia, all relating to AARP, Inc.'s failure to fully pay unrelated business income tax

24   on its commercial activities, as well as improperly mailing health insurance solicitations at non-profit

25   rates.

26   \\\

27   \\\

28   \\\

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
15303 VENTURA BOULEARD · SUITE 1450
SHERMAN OAKS, CALIFORNIA 91403
PHONE (323) 658-8077 · FAX (323) 658-8477

*Complaint - Page 2*

5.     Defendant UnitedHealth Group, Inc. ("UnitedHealth Group") is an insurance corporation organized under the laws of the State of Minnesota and maintains its corporate headquarters in Minnetonka, Minnesota. UnitedHealth Group conducts substantial business in the State of California. UnitedHealth Group is the largest single health insurer in the United States.

6.     Defendant UnitedHealthcare Insurance Company is an operating division and wholly owned subsidiary of UnitedHealth Group and maintains its corporate headquarters in Hartford, Connecticut UnitedHealthcare Insurance Company conducts substantial business in the State of California. AARP branded insurance policies are insured by UnitedHealthcare Insurance Company.

7.     Defendants UnitedHealth Group and UnitedHealthcare Insurance Company are collectively referred to herein as "UnitedHealth."

8.     The true names and capacities of Defendants sued as DOES 1 through 60, inclusive, are presently unknown to Plaintiffs. Plaintiffs are informed and believe and thereon allege that each such DOES 1 through 60 are in some way responsible and liable for the events or happenings alleged in this Complaint. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.

9.     Plaintiffs are informed and believe and thereon allege that at all times material herein each Defendant, was either the true defendant, agent, contractor, employee, alter-ego, subsidiary or partner, of each other Defendant and in doing the things alleged herein, was acting within the scope and purpose of such agency and/or affiliated entity with the permission and consent of, and their actions were ratified by, the other Defendants.

10.     Plaintiffs are informed and believe and thereon allege that these defendants operated in such a way as to make their individual identities indistinguishable, and are, therefore, the mere alter-egos of one another. The conduct was done in concert with each other defendant and pursuant to a common design and agreement, with a common purpose and community of interest, with an equal right of control, to accomplish a particular result, namely, benefitting financially from the advertising, offer, and sale of insurance products and services to to vulnerable and unsophisticated elders, like Plaintiffs. Defendants aided and abetted each other in accomplishing the acts and omissions alleged herein and operated a joint enterprise or joint venture, subjecting each of them to liability for the acts

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
15O3O VENTURA BOULEARD · SUITE 145O
SHERMAN OAKS, CALIFORNIA 91 4O3
PHONE (323) 658-8O77 · FAX (323) 658-8477

and omissions of each other.

11. All of the Defendants' conduct, as alleged herein, was carried out by a managing agent, and/or by an officer and/or director of defendants. A managing agent, officer, and/or director of defendants had advance knowledge of the unfitness of its decision-makers and employed them with a conscious disregard of the rights and safety of their clients, including plaintiffs, and authorized their conduct in advance, and ratified their conduct after it occurred.

12. Defendants are authorized to conduct business in the State of California and have intentionally availed themselves of the laws and markets within this State through the promotion, marketing, distribution, and sale of AARP branded supplemental insurance policies

13. Venue is proper in Los Angeles County under Code of Civil Procedure § 395 and § 395.5 based on the facts, without limitation, that: this is an action arising from Defendants' offer and sale of insurance products and/or services in Los Angeles County to a resident of Los Angeles County, all of which services and products were to be provided or performed and delivered within Los Angeles County, and thus, Los Angeles County is the county where Defendants' liability arose.

## NATURE OF THE ACTION

14. This is a consumer class action on behalf of a class of California residents 65 years or older, whom, by the unlawful acts alleged herein, were deceived into becoming AARP members and paying a membership fee to AARP to be eligible for UnitedHealth's Medicare supplemental health insurance products and services through the improper, deceptive, and misleading marketing, advertising, offers and sale of insurance by AARP and UnitedHealth.

15. Defendant AARP, Inc., formerly known as the American Association of Retired Persons, in a tax-exempt, "non-profit" membership organization for seniors aged 50 years and older.

16. AARP has long been regarded as a protector and advocate of the nation's senior community. AARP has over 40 million members whom trust the AARP brand, and all potential or "soon-to-be" AARP members recognize the AARP logo. AARP ranks third as a "trusted large advocacy group influencing U.S. Politics" after Consumer Reports and the Red Cross.

\\\
\\\

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
15303 VENTURA BOULEARD · SUITE 1450
SHERMAN OAKS, CALIFORNIA 91403
PHONE (323) 658-8077 • FAX (323) 658-8477

17.     Despite its "non-profit" status, AARP receives hundreds of millions of dollars through business partnerships with large insurance companies such as defendants UnitedHealth Group, Inc. and UnitedHealthcare Insurance Company (collectively, "UnitedHealth") in the form of "royalties", which are actually commissions in disguise to avoid obtaining an insurance license and to avoid paying taxes on the income.

18.     As alleged herein, AARP and UnitedHealth, together, have orchestrated an elaborate scheme where AARP markets, advertises, endorses, solicits, offers and sells AARP branded insurance policies on behalf of UnitedHealth, and also collects and remits insurance premiums and generally administers the AARP branded insurance policies for UnitedHealth, in exchange for a 4.95% "royalty" from each new policy or renewal. This "royalty", previously labeled as a commission until AARP was caught, is a legal fiction for UnitedHealth's use of AARP's intellectual property that ultimately forces seniors to pay AARP a premium for the insurance policy in addition to their membership fees to be eligible for the insurance.

19.     In sum, Defendants have deceptively and unlawfully schemed against senior citizens who put their trust in the AARP name which has been sold out to the insurance companies for profit and used to advertise, offer, and sell insurance policies in direct violation of California law for a monetary benefit.

20.     As a result of Defendants' actions, individuals 65 years or older are duped into joining AARP and paying a membership fee to AARP in order to receive the only AARP-branded insurance services and products UnitedHealth provides at a cost higher than its competitors and for less coverage in light of deceptive, improper, and illegal advertisements which display the AARP name, brand, and logo that the public believed they could trust. This action is brought to recover damages, restitution and seek injunctive relief.

## PRELIMINARY ALLEGATIONS

21.     AARP, formerly known as the American Association of Retired Persons, is a tax-exempt, non-profit membership organization for seniors over 50 years of age. AARP is reported to have over 40 million members, half of which are 65 years or older.

\\\

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
15303 VENTURA BOULEARD · SUITE 1450
SHERMAN OAKS, CALIFORNIA 91403
PHONE (323) 658-8077 · FAX (323) 658-8477

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
1500 VENTURA BOULARD · SUITE 1450
SHERMAN OAKS, CALIFORNIA 91403
PHONE (323) 658-8077 · FAX (323) 658-8477

22.     Despite its "non-profit" status, AARP earns three-quarters of a billion dollars through business partnerships with large insurance companies like UnitedHealth to sell AARP branded insurance policies for Medigap, Medicare Advantage, and Part D prescription drugs.

23.     AARP Medigap is the dominant player in the Medigap market. Nationwide, AARP Medigap has over three times as many Medigap enrollees as its closest competitor.

24.     The only Medigap plans insured by UnitedHealth are the AARP Medigap plans. This means any consumer that wants to purchase Medigap coverage from UnitedHealth, the largest health insurer in the country, must purchase the AARP Medigap plan, thereby requiring paying AARP a membership fee and 4.95% of the insurance policy payment. AARP is paid hundreds of millions of dollars, tax-free, as "royalties".

25.     In 1997, AARP and UnitedHealth entered into the "AARP Health Insurance Agreement" where AARP would market the policies and UnitedHealth would administer them. In 2007, this agreement was expanded to allow UnitedHealth to use the AARP brand on the Medicare Supplement products and services. This contract has been extended to run through December 2020.

26.     Defendants actively advertise, solicit, market, offer, and sell AARP branded insurance through the internet, television commercials, radio, and publications using the trusted and recognized AARP logo and name:

a.      On Defendants' web pages:

**AARP | Medicare Plans**
from **UnitedHealthcare**

*AARP endorses the AARP Medicare Supplement Insurance Plans, insured by UnitedHealthcare Insurance Company. UnitedHealthcare Insurance Company pays royalty fees to AARP for the use of its intellectual property. These fees are used for the general purposes of AARP. AARP and its affiliates are not insurers.

You must be an AARP member to enroll in an AARP Medicare Supplement Plan.

**This is a solicitation of insurance. A licensed insurance agent/producer may contact you.**

\\\

\\\

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
1503 VENTURA BOULEVARD · SUITE 1450
SHERMAN OAKS, CALIFORNIA 91403
PHONE (323) 658-8077 · FAX (323) 658-8477

**Why choose an AARP Medicare Supplement Plan, insured by UnitedHealthcare?**

- With over 30 years of experience, UnitedHealthcare has the expertise and commitment to help you make informed decisions about your health insurance.
- These plans are the only Medicare supplement insurance plans that carry the AARP name.*
- There are a range of plans available to fit your needs and budget.
- You could join the millions of AARP members who are already enrolled in these plans.**

Eligible for Medicare? Now may be a good time to consider a Medicare supplement insurance plan to help cover some of the out-of-pocket medical costs Medicare doesn't pay. And when you choose an AARP® Medicare Supplement Insurance Plan, insured by UnitedHealthcare Insurance Company (UnitedHealthcare) count on having the only Medicare Supplement plan endorsed by AARP.*



AARP Medicare Supplement Insurance Plans

Call UnitedHealthcare 1-866-295-8664* (TTY 711)
View Plan Rates **OR** Get a Free Decision Guide
Already an AARP Medicare Supplement Plan holder? Member Sign In

| Your Medicare Checklist | Learn About Medicare | Medicare Supplement and You | Help and Resources | Find a Plan |

 ## Why Choose An AARP Medicare Supplement Insurance Plan?

By enrolling in an AARP Medicare Supplement Insurance Plan, you could join the millions** of AARP members who are already enrolled in these plans. Not to mention, 96% of plan members surveyed are satisfied with their plan.† Like all standardized Medicare supplement insurance plans, AARP Medicare Supplement Insurance Plans feature a variety of coverage options that:

- Let you choose or keep any doctor who accepts Medicare patients.
- Help cover some of the medical expenses not paid by Medicare Parts A & B.
- Require no referrals to see a specialist who accepts Medicare patients.

Medicare supplement insurance companies in most states can only sell you a "standardized" Medicare supplement plan identified by a letter (e.g. Plan A). Each standardized Medicare supplement plan must offer the same basic benefits, no matter which insurance company sells it.

To view rate information and compare plan costs, simply enter your zip code then click the button below.

| ZIP Code | **View Plan Costs** |

Download the following PDF to view information about the Medicare supplement plans available in California (change location):

California Plan Information (278KB, PDF)

*Complaint - Page 7*



AARP endorses the AARP® Medicare Supplement Insurance Plans, insured by UnitedHealthcare Insurance Company (UnitedHealthcare Insurance Company of New York, Islandia, NY). UnitedHealthcare Insurance Company pays royalty fees to AARP for the use of its intellectual property. These fees are used for the general purposes of AARP. AARP and its affiliates are not insurers.

AARP does not employ or endorse agents, brokers or producers.

Insured by UnitedHealthcare Insurance Company, Horsham, PA (UnitedHealthcare Insurance Company of New York, Islandia, NY for New York residents). Policy form No. GRP 79171 GPS-1 (G-36000-4). In some states plans may be available to persons under age 65 who are eligible for Medicare by reason of disability or End-Stage Renal Disease.

**You must be an AARP member to enroll in an AARP Medicare Supplement Plan.**

**Not connected with or endorsed by the U.S. Government or the federal Medicare program.**

**This is a solicitation of insurance. A licensed insurance agent/producer may contact you.**

       b.    Television commercials:



\\\

\\\

\\\

*Complaint - Page 8*







THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
15303 VENTURA BOULEVARD · SUITE 1450
SHERMAN OAKS, CALIFORNIA 91403
PHONE (323) 658-8077 · FAX (323) 658-8477

*Complaint - Page 9*

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
15303 VENTURA BOULEARD · SUITE 1450
SHERMAN OAKS, CALIFORNIA 91403
PHONE (323) 658-8077 · FAX (323) 658-8477

**AARP** | MedicareComplete®
insured through UnitedHealthcare

# L**O**W
## Monthly Premium

You must continue to pay your Medicare Part B premium

[ON MEDICARE? CALL NOW!] TTY: 711
## 1-800-791-9019

UnitedHealthcare
Medicare Solutions

c.    In publications:

# Approaching Medicare Eligibility?
### Consider Medicare supplement insurance.

Did you know that Medicare only covers about 80% of Part B medical costs? That means the rest is up to you. But a standardized Medicare supplement insurance plan could help you save in out-of-pocket medical costs.

**Call UnitedHealthcare Insurance Company to learn more.**
As the insurer of the AARP® Medicare Supplement Plans, UnitedHealthcare Insurance Company offers a range of these plans to fit your needs and budget. And these plans are the only Medicare supplement plans endorsed by AARP.*

Call UnitedHealthcare today
**1-888-647-3025**
PROMO CODE: 4C2, TTY 711 or mail the attached card

#### Why choose a Medicare supplement plan?

· Choose any doctor who accepts Medicare patients          · No claims forms to fill out
· Your plan goes with you wherever you travel nationwide    · No network restrictions

**AARP** | Medicare Supplement Plans
insured by UnitedHealthcare
Insurance Company

*AARP endorses the AARP Medicare Supplement Insurance Plans, insured by UnitedHealthcare Insurance Company. UnitedHealthcare Insurance Company pays royalty fees to AARP for the use of its intellectual property. These fees are used for the general purposes of AARP. AARP and its affiliates are not insurers.
Insured by UnitedHealthcare Insurance Company, Horsham, PA (UnitedHealthcare Insurance Company of New York, Islandia, NY for New York residents). Policy form No. GRP79171 GPS1 (G-36000-4).
In some states plans may be available to persons under age 65 who are eligible for Medicare by reason of disability or End-Stage Renal Disease.
Not connected with or endorsed by the U.S. Government or the federal Medicare program.
This is a solicitation of insurance. A licensed insurance agent/producer may contact you.
THESE PLANS HAVE ELIGIBILITY REQUIREMENTS, EXCLUSIONS AND LIMITATIONS. FOR COSTS AND COMPLETE DETAILS (INCLUDING OUTLINES OF COVERAGE) CALL A LICENSED INSURANCE AGENT/PRODUCER AT THE TOLL-FREE NUMBER SHOWN.
You must be an AARP member to enroll in an AARP Medicare Supplement Plan.

AS20835T (12-16)          AARPMedicareSupplement.com          RSN

\\\

27.     California law specifically forbids advertisements directed at persons 65 years or older for insurance to include the name or logo of any non-profit organization or senior organization.

28.     For every AARP branded insurance policy sold/renewed, AARP collects insureds' premium payments, plus the 4.95% commission on behalf of UnitedHealth. The 4.95% commission amount paid to AARP is bifurcated, with 8% going to ASI and 92% going to AARP, Inc. AARP then invests the insurance premiums that it collects for UnitedHealth in a wide range of securities. As premium payments become due, AARP remits the premiums to UnitedHealth.

29.     The end result is that Defendants illegally advertise for insurance services and products in order to obtain an illegal monetary benefit.

30.     But for Defendants' deceptive and unlawful acts, Plaintiffs and the Class would not have been required to join AARP to obtain the advertised insurance, would not have had to pay the AARP membership fees, would not have had to pay AARP the illegal commission as part of their purchase and/or renewal of their AARP policies, and would not of had to pay the high rates for the AARP branded insurance when competing policies offering identical benefits are offered at a lower cost.

\\\

**CLASS ALLEGATIONS**

31.     Plaintiffs bring this action individually and on behalf of the following Class: All persons in the State of California who are 65 years or older and who purchased, renewed and/or been offered an AARP branded insurance policy.

32.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

33.     Specifically excluded from the Class are Defendants, Defendants' officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or Defendants' officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

34.     *Numerosity.* The members of the Class are geographically dispersed throughout the State of California and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiffs reasonably estimates that there are hundreds of thousands of members in the Class. Although the precise number of Class members is unknown to Plaintiffs, the true number of Class members is known by Defendants. More specifically, Defendants maintain databases that contain the following information: (I) the name of each Class member enrolled in an AARP branded insurance policy; (ii) the address of each Class member; and (iii) each Class member's payment information related to AARP branded insurance policies. Thus, Class members may be identified and notified of the pendency of this action by first class mail, electronic mail, and/or published notice, as is customarily done in consumer class actions.

35.     *Existence and predominance of common questions of law and fact.* Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

(a) whether Defendants advertised, solicited, marketed, offered, and sold AARP branded insurance policies in violation of California Insurance Code Section 787;

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
15303 VENTURA BOULEVARD • SUITE 1450
SHERMAN OAKS, CALIFORNIA 91403
PHONE (323) 658-8077 • FAX (323) 658-8477

(b) whether Defendants breached their duty of honesty, good faith, and fair dealing in violation of California Insurance Code Section 785;

(c) whether Defendants' actions detailed above constitute an unfair, deceptive, and misleading practices in violation of the Business and Professions Code Section 17200.

(d) whether Plaintiffs and the Class have sustained monetary loss and the proper measure of that loss;

(e) whether Plaintiffs and Class are entitled to injunctive relief; and

(f) whether Plaintiffs and the Class are entitled to restitution and disgorgement from Defendants.

36.     *Typicality.* Plaintiffs' claims are typical of the claims of the other members of the Class in that Defendants deceived Plaintiffs in the very same manner as they deceived each member of the Class.

37.     *Adequacy of Representation.* Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiffs intend to vigorously prosecute this action on behalf of the Class. Furthermore, Plaintiffs have no interests that are antagonistic to those of the Class.

38.     *Superiority.* A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense of individual litigation of their claims against Defendants. It would, thus, be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
15303 VENTURA BOULEARD · SUITE 1450
SHERMAN OAKS, CALIFORNIA 91403
PHONE (323) 658-8077 · FAX (323) 658-8477

39.   In the alternative, the Class may also be certified because:

(a) the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for the Defendants;

(b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and or injunctive relief with respect to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

### (Violation of California Insurance Code § 785)

40.   Plaintiffs repeats, re-alleges, and incorporates by this reference as though set forth in full herein all prior paragraphs.

41.   California Insurance Code § 785 sets forth that "[a]ll insurers, brokers, agents, and others engaged in the transaction of insurance owe a prospective insured who is 65 years of age or older, a duty of honesty, good faith, and fair dealing."

42.   UnitedHealth is an insurer, in fact the nations' largest insurer, that owes persons over 65 years of age a duty of honesty, good faith, and fair dealing.

43.   AARP is engaged in the transaction of insurance and owes persons over 65 years of age a duty of honesty, good faith, and fair dealing. AARP is engaged in the transaction of insurance through advertising, soliciting, and marketing insurance, as well as collecting insurance payments and receiving commissions therefrom.

44.   Plaintiffs and the Class are prospective insureds who are at least 65 years of age and have seen and/or heard offers of insurance services, joined AARP and pay membership fees to obtain the advertised insurance, and/or have purchased insurance from United Healthcare.

\\\

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
15303 VENTURA BOULEARD · SUITE 1450
SHERMAN OAKS, CALIFORNIA 91403
PHONE (323) 658-8077 · FAX (323) 658-8477

45.     Defendants mislead and deceive Plaintiffs and the Class by advertising, marketing, and insurance services and products with the AARP logo, brand and name which represents both a non-profit and senior organization in violation of this statute and <u>California Insurance Code § 787.</u>

46.     Defendants breached their duty of honesty, good faith, and fair dealing through their deceptive and misleading advertisements directed to seniors in violation of this statute.

47.     Plaintiffs and the Class rely on Defendants' collective branding, marketing, advertising, and goodwill in determining whether to join AARP, pay the AARP membership fees, whether to consider United Heathcare insurance and pay for the insurance.

48.     Pursuant to California Insurance Code § 789.3, UnitedHealth, as an insurer, is liable for penalties of no less than $30,000 for each violation of California Insurance Code § 785.

49.     Pursuant to California Insurance Code § 789.3, AARP, as an insurer, is liable for penalties of no less than $5,000 for each violation of California Insurance Code § 785.

50.     Plaintiffs and the Class were harmed by Defendants' violation of this statute, violation of California Insurance Code § 787, and Defendants's breach of duty of honesty, good faith and fair dealing by fooling Plaintiffs and the Class into joining AARP, paying AARP membership fees, selecting and paying for the AARP branded insurance products and services. Further, the AARP branded insurance services and products were artificially inflated in light of AARP's 4.95 percent commission, cost more than its competitors and included less coverage than its competitors. As such, Plaintiffs and the Class has suffered monetary losses by forcing to pay AARP membership fees, AARP's commission, and higher insurance rates for less coverage. Even more so, Plaintiffs and the Class were taken advantage of by Defendants' insurance scheme to deceive and manipulate persons over 65 years of age by using the goodwill of known and reputable companies in a direct violation of the Insurance Code.

51.     As a direct and proximate result of Defendants' conduct, Plaintiffs have incurred and will continue to incur attorneys' fees and related expenses in an amount to be proven at trial.

\\\

\\\

\\\

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
1530 VENTURA BOULEVARD · SUITE 1450
SHERMAN OAKS, CALIFORNIA 91403
PHONE (323) 658-8077 · FAX (323) 658-8477

*Complaint - Page 15*

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
1 5 0 3 VENTURA BOULEARD · SUITE 1450
SHERMAN OAKS, CALIFORNIA 9 1 4 0 3
PHONE (323) 658-8077 · FAX (323) 658-8477

## SECOND CAUSE OF ACTION

### (Violation of California Insurance Code § 787)

52.     Plaintiffs repeats, re-alleges, and incorporates by this reference as though set forth in full herein all prior paragraphs.

53.     California Insurance Code § 787 requires that any insurance advertisement directed towards a persons of 65 years of age or older "not employ words, letters, symbols, or other devices that are so similar to those used by ... a nonprofit or charitable institution ... senior organization ..." as to not mislead the public. Misleading materials include advertisements provided by, endorsed by, or connected with ... nonprofit or charitable institutions ... or senior organizations ...."

54.     As illustrated above, Defendants advertise insurance policies directed at individuals over 65 years of age that employ words, letters, symbols, and logos belonging to, affiliated with, and recognized as AARP, which is a non-profit organization and a senior organization.

55.     AARP endorses and solicits insurance policies directed at persons of 65 years of age.

56.     Plaintiffs and the Class rely on Defendants' collective branding, marketing, advertising, and goodwill in determining whether to join AARP, pay the AARP membership fees, whether to consider United Healthcare insurance and pay for the insurance.

57.     Pursuant to California Insurance Code § 789.3, UnitedHealth, as an insurer, is liable for penalties of no less than $30,000 for each violation of California Insurance Code § 787.

58.     Pursuant to California Insurance Code § 789.3, AARP, as an insurer, is liable for penalties of no less than $5,000 for each violation of California Insurance Code § 787.

59.     Plaintiffs and the Class were harmed by Defendants' violation of this statute by being deceived into joining AARP, paying AARP membership fees, selecting and paying for the AARP branded insurance products and services. Further, the AARP branded insurance services and products were artificially inflated in light of AARP's 4.95 percent commission, cost more than its competitors and included less coverage than its competitors. As such, Plaintiffs and the Class has suffered monetary losses by forcing to pay AARP membership fees, AARP's commission, and higher insurance rates for less coverage. Even so, Plaintiffs and the Class were taken advantage of by Defendants' insurance scheme to deceive and manipulate persons over 65 years of age by using the

*Complaint - Page 16*

1    goodwill of known and reputable companies in a direct violation of the Insurance Code.

2        60.    As a direct and proximate result of Defendants' conduct, Plaintiffs have incurred and

3    will continue to incur attorneys' fees and related expenses in an amount to be proven at trial.

4                                    **THIRD CAUSE OF ACTION**

5                                          **(NEGLIGENCE)**

6        61.    Plaintiff repeats, re-alleges, and incorporates by this reference as though set forth in

7    full herein all prior paragraphs.

8        62.    Defendants owed a statutory duty to Plaintiffs and the Class to act reasonably and not

9    direct advertisements to individuals over 65 years of age that contain AARP branded insurance

10   policies in violation of the law to profit financially from taking advantage of vulnerable persons and

11   their perception of AARP.

12       63.    Defendants breached that duty to plaintiffs, as set forth above in this complaint.

13       64.    The Defendants' negligence was a substantial factor in causing Plaintiffs harm.

14       65.    As a result of the Defendants' negligence, Plaintiffs and the Class was harmed by

15   having lost money in an amount provable at trial as set forth in this complaint.

16                                    **FOURTH CAUSE OF ACTION**

17   **(Unlawful Business Acts and Practices in Violation of California Business & Professions**

18                                  **Code § 17200, et seq.)**

19       66.    Plaintiffs repeats, realleges, and incorporates by this reference as though set forth in

20   full herein all prior paragraphs.

21       67.    California Business & Professions Code § 17200 prohibits any unlawful or unfair

22   business act or practice.

23       68.    Defendants' acts, omissions, misrepresentations, practices and nondisclosures alleged

24   herein also constitute "unfair" business acts and practices within the meaning of Business &

25   Professions Code § 17200, *et seq.*, in that their conduct is substantially injurious to consumers,

26   offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the

27   conduct outweighs any alleged benefits attributable to such conduct.

28   \\\

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
15303 VENTURA BOULEVARD · SUITE 1450
SHERMAN OAKS, CALIFORNIA 91403
PHONE (323) 658-8077 · FAX (323) 658-8477

*Complaint - Page 17*

69.     As stated in this Complaint, Plaintiffs allege violations of unfair competition and insurance laws in California resulting in harm to consumers. Plaintiffs asserts violations of the public policy of engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers.

70.     There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

71.     Defendants' conduct caused and continues to cause substantial injury to Plaintiffs and the other Class members. Plaintiffs has suffered injury in fact and has lost money as a result of Defendants' unfair conduct.

72.     As a result of the conduct described above, Defendants have been and will be unjustly enriched at the expense of Plaintiffs and the members of the Class. Specifically, Defendants have been unjustly enriched by the receipt of millions of dollars in monies and profits from the illegal payment and connection of commissions from the sale and renewal of AARP branded insurance, which product was promoted and sold through solicitations and advertisements which made misleading statements.

73.     Pursuant to Business & Professions Code §§ 17203 and 17535, Plaintiffs and the members of the Class seek an order disgorging Defendants' ill-gotten gains, awarding Plaintiffs and the members of the Class full restitution of all monies wrongfully acquired by Defendants by means of such acts of unlawful, unfair and fraudulent business acts and practices, plus interest and attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5, so as to restore any and all monies to Plaintiffs and the members of the Class which were acquired and obtained by means of such unlawful, unfair and fraudulent business acts and practices, and which ill-gotten gains are still retained by Defendants.

74.     Plaintiffs additionally requests that such funds be impounded by the Court or that an asset freeze or trust be imposed upon such revenues and profits to avoid dissipation and/or fraudulent transfers or concealment of such monies by Defendants. Plaintiffs and the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

\\\

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
15303 VENTURA BOULEARD · SUITE 1450
SHERMAN OAKS, CALIFORNIA 91403
PHONE (323) 658-8077 · FAX (323) 658-8477

75.     Additionally, pursuant to Business & Professions Code § 17203, Plaintiffs seeks an order requiring Defendants to cease their solicitation activities and violating the Code with respect to AARP branded insurance so as to not mislead or deceive consumers.

## FIFTH CAUSE OF ACTION

### (Unlawful Business Acts and Practices in Violation of California Business & Professions Code § 17500, et seq.)

76.     Plaintiffs repeats, realleges, and incorporates by this reference as though set forth in full herein all prior paragraphs.

77.     California Business & Professions Code § 17500 prohibits false advertising.

78.     Defendants violated and continue to make untrue or misleading statements to senior citizens with the intent to induce them to purchase insurance. These untrue or misleading statements include AARP endorsements and branding which mislead and deceive individual into believing that AARP is a non-profit organization when the advertisements, offer, and sale of insurance services are actually by an affiliated for-profit organization disguised as the non-profit organization resulting in misleading advertisements for the sale of insurance to seniors.

## SIXTH CAUSE OF ACTION

### (Financial Elder Abuse)

79.     Plaintiffs repeats, realleges, and incorporates by this reference as though set forth in full herein all prior paragraphs.

80.     Defendants' course of conduct is ongoing and constitutes financial elder abuse.

81.     Defendants committed financial elder abuse by using misrepresentations to trick and deceive Plaintiffs into purchasing insurance policies branded and endorsed by AARP which is not only illegal, but improper as it is used to intentionally and deliberately confuse the elders into believing that the non-profit AARP has selected UnitedHealth Care to be the best insurance company for all of its members when in actuality is the for-profit AARP company making a commission on each sale it makes.

\\\

\\\

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
15303 VENTURA BOULEVARD · SUITE 1450
SHERMAN OAKS, CALIFORNIA 91403
PHONE (323) 658-8077 · FAX (323) 658-8477

82.     Defendants owed Plaintiffs a duty of honesty, good faith and fair dealing. Defendants committed financial elder abuse when they knowingly and wilfully breached that duty in order to steer Plaintiffs into purchasing an insurance policy that only Defendants benefit from.

83.     Defendants' predatory practices unlawfully misappropriated Plaintiffs' property, constituted financial abuse and caused him to suffer special and general damages, including substantial emotional distress and frustration.

84.     Defendants planned and engaged in their pattern of financial elder abuse with malice, oppression and fraud as those terms are defined by Civil Code § 3294, entitling Plaintiffs to an award of punitive damages. Substantial exemplary damages are particularly appropriate and important here because Defendants' predatory practices are directed at a particularly vulnerable and unsophisticated class of elderly consumers, many of whom remain unaware of the wrongdoing or are otherwise unable to find an attorney to take what, on its face, appears to be a very small case. Without the imposition of substantial exemplary damages, Defendants retain every incentive to continue their unlawful, misleading and harmful practices of preying upon elders.

85.     As an elder, the above-described facts also entitle Plaintiffs to recover, and Plaintiffs seeks to recover, treble damages pursuant to Civil Code § 3345.

86.     As a direct and proximate result of Defendants' conduct, Plaintiffs have incurred and will continue to incur attorneys' fees and related expenses in an amount to be proven at trial. Plaintiffs therefore seeks all of those fees and costs pursuant to Welfare & Institution Code § 15657.5.

## APPLICATION FOR TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

87.     Because Defendants have engaged in the unlawful acts and practices described above, Defendants have violated and will continue to violate the law as alleged in this Complaint.

88.     Unless immediately restrained by this Honorable Court, Defendants will continue to violate the laws of the State of California and cause immediate, irreparable injury, loss and damage to the Plaintiffs and Class.

89.     Therefore Plaintiffs requests a Temporary Injunction and Permanent Injunction as indicated below.

\\\

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
15303 VENTURA BOULEVARD · SUITE 1450
SHERMAN OAKS, CALIFORNIA 91403
PHONE (323) 658-8077 · FAX (323) 658-8477

## REQUEST FOR JURY TRIAL

90.     Plaintiffs requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Class demands judgment against Defendants as follows:

1.      That Defendants be cited according to law to appear and answer herein; that after notice and hearing, a TEMPORARY INJUNCTION be issued; and upon final hearing a PERMANENT INJUNCTION be issued, restraining and enjoining Defendants, Defendants' successors, assigns, officers, agents, servants, employees and attorneys and any other person in active concert or participation with Defendants, from engaging in the acts or practices complained of herein;

2.      For an Order requiring Defendants to restore all money or other property taken from identifiable persons by means of unlawful acts or practices and award judgment for damages and restitution in an amount within the jurisdictional limits of this Court to compensate for such losses;

3.      For an Order requiring the disgorgement of all sums taken from consumers by means of deceptive practices, together with all proceeds, interest, income, profits and accessions thereto;

4.      That the Court certify this action and the Class as requested herein, appointing Plaintiffs as Class Representative, and appointing The Homampour Law Firm and Schimmel & Parks as Class Counsel;

5.      Award Plaintiffs and the Class members court costs and reasonable and necessary attorneys' fees in relation to the amount of work expended, and any other relief the Court determines is proper;

6.      For an award of Plaintiffs' general, special, actual and compensatory damages as proven at time of trial;

7.      For treble damages under Civil Code §3345;

8.      For punitive damages;

\\\
\\\
\\\
\\\

*Complaint - Page 21*

THE HOMAMPOUR LAW FIRM
A PROFESSIONAL LAW CORPORATION
15303 VENTURA BOULEARD · SUITE 1450
SHERMAN OAKS, CALIFORNIA 91403
PHONE (323) 658-8077 · FAX (323) 658-8477

9.      For such other and further relief which this Court deems just and proper.

DATED:      November 16, 2017            THE HOMAMPOUR LAW FIRM
                                        A Professional Law Corporation

                            By:         _____
                                        Arash Homampour
                                        Danielle Lincors
                                        Attorneys for Plaintiff and the Class

DATED:      November 16, 2017            SCHIMMEL & PARKS
                                        A Professional Law Corporation

                            By:         _____
                                        Alan Schimmel
                                        Michael Parks
                                        Attorneys for Plaintiff and the Class

*Complaint - Page 22*

ORIGINAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Arash Homampour (State Bar # 165407) / Danielle Lincors (State Bar #285508)<br>The Homampour Law Firm<br>15303 Ventura Boulevard, Suite 1450<br>Sherman Oaks, CA 91403<br>TELEPHONE NO.: (323) 658-8077   FAX NO.: (323) 658-8477<br>ATTORNEY FOR (Name): Plaintiff Judith Miller and Lionel Brown, et al. | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>NOV 17 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____ Deputy<br>Nancy Alvarez |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles CA 90012
BRANCH NAME: Central

| CASE NAME:<br>Judith Miller, et al. v. AARP, Inc., et al. | |
|---|---|
| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: BC 684061 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[✓] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): SIX (6)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 16, 2017

Arash Homampour
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
      or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Judith Miller et al. v. AARP, Inc. et al. | CASE NUMBER |
|---|---|
| | **BC 684 061** |

## CIVIL CASE COVER SHEET ADDENDUM AND
### STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| **Applicable Reasons for Choosing Court Filing Location (Column C)** |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

| SHORT TITLE: Judith Miller et al. v. AARP, Inc. et al. | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Judith Miller et al. v. AARP, Inc. et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☑ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Judith Miller et al. v. AARP, Inc. et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☒ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the _Stanley Mosk_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: _November 16, 2017_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 4 of 4